UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF GEORGIA

2010 MAR -4  PM 4: 22

SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **CR410- 89**  INDICTMENT NO. _____ |
| v. | ) | |
| DONNA BROWN | ) | VIO: 42 U.S.C. § 1383a(a)(3) Social Security Fraud |
| | ) | 18 U.S.C. § 641 Theft of Government Money |
| | ) | 18 U.S.C. § 1001 False Statements |

**THE GRAND JURY CHARGES:**

**I.   GENERAL ALLEGATIONS**

    **A.   Supplemental Security Income ("SSI") Program**

1. The Supplemental Security Income ("SSI") Program is a federal income supplement program funded by general federal tax revenues. It is designed to help aged, blind, and disabled people meet their basic needs for food, clothing, and shelter. The Social Security Administration administers the SSI Program.

2. The eligibility of an aged, blind, or disabled person to receive SSI benefits is determined on the basis of an assessment of the individual's resources and income. The amount of the SSI payment depends on how much additional income an individual receives, the living arrangements, and other circumstances that affect an individual's financial needs. In the case of a blind or disabled person, a portion of the income and resources of any cohabitating spouse is

deemed to be available to the blind or disabled person in making the SSI eligibility determination. In other words, the income of the cohabitating spouse of a disabled person can reduce the amount of the SSI benefit or preclude eligibility for that benefit entirely.

**B.     Donna Brown**

1. Defendant **DONNA BROWN** ("**BROWN**") has been married to the individual "N.B." since October 20, 2000.

2. In August 2004, **BROWN** applied for and began receiving SSI benefits as a disabled person. In her application for SSI benefits, **BROWN** claimed to be separated and living apart from her husband, N.B. Based on this representation, the Social Security Administration thereafter took into account only the income and resources of **BROWN** in determining her eligibility for SSI benefits.

3. In truth and in fact, **BROWN** and N.B. continued to cohabitate together as husband and wife from August 2004 through July 2009, and N.B. continued to support **BROWN** with his receipt of Title II Retirement Survivor's Insurance ("RSI") Disability.

4. By concealing her true living arrangements with N.B., **BROWN** received over $36,000.00 in SSI disability benefits to which she was not entitled.

**II.     SUBSTANTIVE COUNTS**

<u>COUNT ONE</u>
**(42 U.S.C. § 1383a(a)(3) - Social Security Fraud)**

1. The General Allegations of Part I are fully incorporated herein.

2. Beginning in or about August 2004, and continuing until in or about July 2009, in

Chatham and Effingham County, within the Southern District of Georgia, in a matter within the jurisdiction of the Social Security Administration ("SSA"), Defendant

**DONNA BROWN**

having knowledge of the occurrence of an event affecting her continued right to receive Supplemental Security Income ("SSI") benefits, specifically, her cohabitation with her husband, N.B., did conceal and fail to disclose that event, with the intent to fraudulently secure payment of benefits when no payment was authorized.

All done in violation of Title 42, United States Code, Section 1383a(a)(3).

### COUNT TWO
### (18 U.S.C. § 641 - Theft of Government Funds)

1. The General Allegations of Part I are fully incorporated herein.

2. Beginning in or about August 2004, and continuing until in or about July 2009, in Chatham and Effingham County, within the Southern District of Georgia, Defendant

**DONNA BROWN**

did knowingly and willfully steal money belonging to the United States, that is, approximately $36,842.00 in Supplemental Security Income ("SSI") benefits, with the intent to deprive the United States of the use and benefit thereof.

All done in violation of Title 18, United States Code, Section 641.

## COUNT THREE
### (18 U.S.C. § 1001 - False Statements to Federal Agency)

1. The General Allegations of Part I are fully incorporated herin.

2. On or about December 16, 2008, in Chatham County, within the Southern District of Georgia, in a matter within the jurisdiction of the Social Security Administration ("SSA"), Defendant

### DONNA BROWN

did knowingly and willfully make a false, fraudulent, and fictitious material statement and representation; that is, the defendant stated to a Special Agent of the Social Security Administration, Office of the Inspector General, during the course of the agency's investigation into her receipt of SSI benefits from in or about August 2004, that she had not resided with her husband, N.B., since 2004 when she began to receive her SSI benefits, a statement the defendant then well knew to be false, in that she had actually resided with him since that time.

All done in violation of Title 18, United States Code, Section 1001.

A True Bill.

Foreperson

Edward J. Tarver
United States Attorney

James D. Durham
First Assistant United States Attorney

4

_____
Brian T. Rafferty
Criminal Division Chief

_____
Natalie Lee*
Assistant United States Attorney

* Denotes lead counsel