Minimum Mandatory__No__
Rule 35/5K1.1 __No__
Appeal Waiver___No__
Forfeiture __No___
Other __No___

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 410-089 |
| | ) | |
| DONNA BROWN | ) | |

## SUMMARY OF PLEA AGREEMENT

[NOTE: *This summary of the plea agreement is for the convenience of the Court and does not constitute a part of the plea agreement, which follows in full hereafter.*]

**DEFENDANT:**     DONNA BROWN

**DEFENSE COUNSEL:**     TOLY A. SIAMOS

**ASSISTANT U.S. ATTORNEY:**     NATALIE LEE

**STATUTES CHARGED:**

     Count 1:     42 U.S.C. § 1383a(a)(3)
               (Social Security Fraud)

     Count 2:     18 U.S.C. § 641
               (Theft of Government Funds)

     Counts 3-5:     18 U.S.C. § 1001
               (False Statement to Federal Agency)

**CHARGE PLEADING TO:**

     Count 3:     18 U.S.C. § 1001
               (False Statement to Federal Agency)

**PENALTY**:

>   Not more than five (5) years imprisonment.
>   Not more than $250,000 fine.
>   Special assessment of $100.
>   Not more than three (3) years supervised release.

**ELEMENTS**

>   **FIRST:**    That the Defendant made a materially false statement that was made or used in relation to a matter within the jurisdiction of a department or agency of the United States; and

>   **SECOND:**   That the Defendant did so knowingly and willfully.

**SUMMARY OF GOVERNMENT'S PROMISES**:

Provided the Defendant truthfully admits the offense and relevant conduct to the government, Court and Probation Office, and does not engage in any additional criminal conduct from the time of the initial appearance in this case, the government agrees:

>   That it will not object to a recommendation from the probation officer that the Defendant receive a reduction for acceptance of responsibility;

>   To move the Court for a decrease in the offense level by one (1) additional level under §3E1.1 of the Sentencing Guidelines, if applicable;

>   To not make any recommendation as to sentence; and

>   To dismiss Counts One, Two, Four, and Five with respect to Defendant.

**SUMMARY OF DEFENDANT'S PROMISES**:

The Defendant agrees:

>   To plead guilty to Count Three of the Indictment, charging a violation of 18 U.S.C. § 1001 (False Statement to Federal Agency);

>   To pay full restitution to all victims of the conduct described in the Indictment, pursuant to 18 U.S.C. § 3663, 18 U.S.C. § 3663A, U.S.S.G. § 5E1.1, or any other applicable statute, regulation, or guideline;

2

That nothing in this agreement shall abrogate the duty and right of the government to bring all sentencing facts to the attention of the sentencing court;

To waive certain rights under the Freedom of Information Act ("FOIA") and the Privacy Act; and

To acknowledge at the time of the entry of the plea of guilty and at sentencing the truth of the facts set forth in paragraph C(1)(a) of this agreement.

# UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 410-089 |
| | ) | |
| DONNA BROWN | ) | |

## PLEA AGREEMENT

Natalie Lee, Assistant United States Attorney, and Toly A. Siamos, attorney for the Defendant, pursuant to the provisions of Rule 11, Federal Rules of Criminal Procedure, as amended, have, with the authorization of the undersigned Defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges within the Indictment referenced herein, and a Plea Agreement has been reached by said parties in the following respects:

## A.   AGREEMENT BY THE GOVERNMENT

Upon the entry of a plea of guilty to the offense charged in Count 3 of the Indictment, charging a violation of 18 U.S.C. § 1001 (False Statement to Federal Agency), and provided Defendant truthfully admits the offense and relevant conduct to the government, Court and Probation Office, and does not engage in any additional criminal conduct from the time of her initial appearance in this case, the government:

1. Agrees that it will not object to a recommendation from the probation officer that the Defendant receive a reduction for acceptance of responsibility under the provisions of Chapter Three, Part E of the Sentencing Guidelines, and if applicable, the government will move for the third offense level point reduction based upon the timeliness of Defendant's plea, all provided the

1

Defendant truthfully admits the conduct comprising the offense of conviction and all relevant conduct and has fully complied with the terms of pretrial release, if applicable;

2. Agrees to make no recommendation as to sentence;

3. Agrees to move to dismiss Counts One, Two, Four, and Five of the Indictment as to Defendant; and

4. Reserves the right to inform the Court and the U.S. Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the Defendant and her background. The government will inform the Defendant and defense counsel of all information provided to the probation office at the time it is provided to that office.

**B.**   **AGREEMENT BY THE DEFENDANT**

1. The Defendant agrees to plead guilty to Count 3 of the Indictment, charging a violation of 18 U.S.C. § 1001 (False Statement to Federal Agency).

2. In accordance with 18 U.S.C. § 3663(a)(3), 18 U.S.C. § 3663A, U.S.S.G. § 5E1.1, or any other applicable statute, regulation, or guideline, the Defendant knowingly and voluntarily consents and agrees to the entry of an order of restitution by the Court for losses to identifiable victims relating to the Indictment, which charges Defendant with violating 18 U.S.C. § 1001 (False Statement to Federal Agency).

3. FOIA and Privacy Act Waiver

The Defendant retains all discovery rights to documents pertaining to the investigation and prosecution of this case as may by law apply to any post-conviction litigation as to which the right to proceed has not otherwise been waived or relinquished by the Defendant in this agreement or otherwise; HOWEVER, notwithstanding any right on the part of the Defendant to post-conviction

2

litigation, the Defendant, as a part of this agreement and in consideration of the promises made by the government hereunder, waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

C.   **DEFENDANT'S REPRESENTATIONS TO THE COURT AND FURTHER OBLIGATIONS UNDER THIS AGREEMENT**

1. Factual Basis: The Defendant further agrees to the truthfulness and accuracy of the following facts:

a.  On or about December 16, 2008,  in Chatham County, within the Southern District of Georgia, in a matter within the jurisdiction of the Social Security Administration, Defendant did knowingly and willfully make a materially false statement to a Special Agent of the Social Security Administration, Office of the Inspector General during the course of the agency's investigation. Specifically, Defendant stated to the agent that she had resided at 2098 Patch Street in Savannah, Georgia, since 2004 and had not resided with her husband when in truth and in fact she then well knew that she had not resided at 2098 Patch Street since 2004 and had resided with her husband since that time.

b.  The Defendant understands and agrees that nothing in this Agreement shall abrogate the duty and right of the Government to bring all sentencing facts to the attention of the sentencing court, and the Defendant further agrees that the Government shall not be bound to make any recommendation under this Agreement if to do so would directly contradict facts relevant to the Defendant's conduct or the Defendant's criminal history, which first comes to the attention of the

3

Government, or are confirmed as true, only after the signing of this Agreement.

c. The Defendant understands that the Court is not a party to this Agreement, that the Government can only make recommendations which are not binding on the Court, and that after the entry of the Defendant's guilty plea, the Defendant has no absolute right to withdraw the plea. Thus, the Court is free to impose any sentence authorized by law up to the statutory maximum sentence of five (5) years imprisonment or $250,000 fine, or both, plus a $100 assessment. **The Defendant also understands that in accordance with *United States v. Booker*, the Court, while not bound to apply the federal sentencing guidelines, must consult those guidelines and take them into account to formulate a reasonable sentence.**

d. The Defendant further advises the Court that the Defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court, and that the U.S. Probation Office will consider **all** of Defendant's conduct related to the offense to which she is pleading, and that these facts will be considered by the Court in determining the Defendant's sentence. The Defendant understands that the offense level and criminal history category determined by the United States Probation Office and the Court may differ from that estimated or projected by Defendant's counsel or the United States Attorney.

**The Defendant advises the Court that the Defendant understands that if the relevant conduct, guideline sentencing range, or sentence imposed by the Court is more or greater than the Defendant expected or, in the case of relevant conduct, is found to be more extensive than the Defendant has admitted to, the Defendant will still have no absolute right to withdraw her guilty plea.**

2. Fines, Assessments and Restitution: The Defendant understands that any assessments

4

imposed pursuant to 18 U.S.C. § 3013 by the Court at sentencing must be paid on the date of sentencing.

The Defendant understands that if a fine or restitution is imposed by the Court at sentencing, the Defendant shall meet with a member of the Debt Collection Unit of the United States Attorney's Office and complete a written personal financial statement setting forth the Defendant's assets and liabilities as of the date of the offense. The Defendant further understands that by completing the financial statement, the Defendant is representing that it is true and accurate to the best of the Defendant's information, knowledge, and belief and agrees to make an honest, good faith effort to pay said fine or restitution as directed by the financial litigation section of the United States Attorney's Office.

**D.    DEFENDANT'S FURTHER REPRESENTATIONS TO THE COURT**

1. The Defendant represents to the Court that the Defendant has had the services of an attorney the Defendant believes to be competent; that the Defendant has met with said attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with her attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and Defendant's attorney have discussed possible defenses, if any, to the charges in the Information, including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the Government's witnesses, the Defendant's right to testify in the Defendant's own behalf, or to remain silent and have no adverse inferences drawn from the

5

Defendant's silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

2. The Defendant further represents to the Court that the Plea Agreement as set forth herein and the plea to be entered by the Defendant is the result of prior discussions between the attorney for the Government and the attorney for the Defendant, conducted with the Defendant's authorization, knowledge and consent; that this Plea Agreement contains the entire agreement and understanding between the Government and the Defendant; and that the Defendant has no other agreements, understandings, or deals with any person other than those set out in this Plea Agreement, that is, the Defendant advises the Court that the Defendant's entire understanding of this Plea Agreement is completely set forth in writing in this document.

3. The Defendant represents to the Court that the Defendant has been advised of the nature of the charge to which the plea of guilty is to be offered, of the maximum possible penalty provided by law, as set forth above, and that by entering a plea of guilty the Defendant gives up all of the rights set out in paragraph "D.1" above, gives up any defenses to the charges, and understands that there will not be a further trial of any kind. The Defendant further understands that in entering a plea of guilty, the Court will ask questions about the offense to which the plea is entered. The Defendant understands that the Defendant will be under oath and on the record in answering those questions, and that the Defendant's answers may later be used against the Defendant in a criminal prosecution for perjury or false statement if those answers are not truthful.

This 29th day of September, 2010.

6

EDWARD J. TARVER.
UNITED STATES ATTORNEY

Brian T. Rafferty
Assistant United States Attorney
New York Bar No.2809440

Natalie Lee
Assistant United States Attorney
Georgia Bar No. 516171

7

Having read the foregoing Plea Agreement, consisting of 7 pages, I understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.


DONNA BROWN
Defendant


Toly A. Siamos, Esq.
Attorney for the Defendant


29SEPT10
Date

8

## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **CR 410-089** |
| | ) | |
| **DONNA BROWN** | ) | |

## O R D E R

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the

interrogation by the Court of the Defendant and the Defendant's attorney at a hearing on the

Defendant's motion to plea and the Court finding that the plea of guilty is made freely, voluntarily

and knowingly, it is thereupon,

ORDERED that the plea of guilty by Defendant be, and it is, hereby accepted and the

foregoing Plea Agreement be, and it is, hereby ratified and confirmed.

This _14th_ day of _DECEMBER_, 2010.

_____
DISTRICT COURT JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

Prepared by
Natalie Lee
Assistant U.S. Attorney
100 Bull Street, Suite 201
Savannah, Ga 31412-8970
(912) 201-2527